UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EDWIN W. LESLIE, <br><br> Plaintiff, <br><br> v. <br><br> EDWIN E. MACK, JR., et al., <br><br> Defendants. | Case No. 3:22-cv-00504 <br><br> Judge Aleta A. Trauger <br> Magistrate Judge Alistair E. Newbern |

To: The Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

This action concerns the estate of Alice E. Burghdorf and a dispute between two of her grandchildren as to the proper distribution of her assets. Pro se Plaintiff Edwin W. Leslie (Leslie) brings claims against Defendants Edwin E. Mack, Jr. (Edwin Mack), his wife Jennifer Mack (collectively, the Macks), and an unknown property in Canada. (Doc. No. 17.) Leslie asserts claims of conversion, fraud, and unjust enrichment related to the estates of Leslie and Edwin Mack's grandmother, Alice E. Burghdorf, and Edwin Mack's mother (and Burghdorf's daughter), Anne E. Malone. (Doc. Nos. 17, 18-1–18-5.)

The Macks have filed a motion to dismiss this action under Federal Rule of Civil Procedure 12(b)(1), arguing that the Court lacks subject-matter jurisdiction over Leslie's claims under the probate exception to federal jurisdiction. (Doc. No. 18.) The Macks also request an award of reasonable attorney's fees. (*Id.*) Leslie has filed a response in opposition to the Macks' motion (Doc. No. 20), and the parties filed supplemental briefs (Doc. Nos. 25, 26) as ordered by the Court (Doc. No. 23).

For the reasons that follow, the Magistrate Judge will recommend that the Court grant the Macks' motion in part, dismiss this case without prejudice for lack of subject-matter jurisdiction, and deny the Macks' request for attorney's fees without prejudice.

**I.    Factual and Procedural Background**

Leslie alleges that he "is the surviving son [ ] of Robert E. Leslie[,] an heir to the estate of [ ] Alice E. Burghdorf[.]" (Doc. No. 17, PageID# 83, ¶ 11.) Burghdorf died in November 2018 (Doc. Nos. 17, 18-2), and her will identifies "Robert Leslie" and "Ann Mack" as two of her three children and heirs.[1] (Doc. No. 18-4, PageID# 114.) As best the Court can tell from the parties' filings, Ann Mack and Anne Malone were the same person. (Doc. Nos. 14, 17, 18-4, 18-5.) Anne Malone died in June 2019, and the Surrogate's Court for Cayuga County, New York, appointed her son, Edwin Mack, administrator of her estate. (Doc. Nos. 17, 18-5,18-6.)

Leslie's claims in this action relate to assets from Burghdorf's estate that he believes he is entitled to as Robert Leslie's son. (Doc. No. 17.) Leslie alleges that, while Malone was "legally incapacitated and medicated[,]" Edwin Mack instructed her to transfer some of Burghdorf's assets to him. (*Id.* at PageID# 83, ¶ 13.) Leslie states that Malone's estate "owed in excess of $45,000.00 to" Burghdorf's estate (*id.* at ¶ 12), that Malone never repaid a loan from Burghdorf that Malone used to purchase property in Canada, and that, as a result, "Burghdorf owned a substantial interest in the Canada property" that became part of Malone's estate (*id.* at PageID# 84, ¶ 18).

Leslie filed a petition to be appointed administrator of Burghdorf's estate in the Cayuga County Surrogate's Court (Doc. No. 18-2), but the Surrogate's Court dismissed the petition after finding that it "never received the necessary paperwork for" Leslie's appointment despite repeated

---

[1]    The will identifies Sue R. Kolczynski as Burghdorf's third child. (Doc. No. 18-4, PageID# 114.)

requests (Doc. No. 18-3).[2] Leslie initiated this action on July 6, 2022, by filing a pro se complaint against the Macks, Burghdorf's estate, Malone's estate, the estate of John R. McGibbon, and "The Unknown Property in Canada[.]"(Doc. No. 1, PageID# 2, ¶ 7.) Leslie's amended complaint, which is the operative pleading in this action, names only three defendants—Edwin Mack, Jennifer Mack, and the Canada Property. (Doc. No. 17.)

Leslie asserts claims against these defendants for conversion of property and assets, constructive fraud, unjust enrichment, fraud and fraud in the inducement, and "common fraud."[3] (*Id.* at PageID# 86.) He alleges that the Macks "have transferred, taken possession of and misappropriated [Burghdorf's] funds, assets and property . . . without legal right to the assets and property" and that they "illegally transferred" Burghdorf's and Malone's assets "for their own benefit and gain[.]" (*Id.* at PageID# 83, 84, ¶¶ 14, 16.) Leslie further alleges that, as the administrator of Malone's estate, Edwin Mack "breached his fiduciary duty to creditors[,] including" Leslie. (*Id.* at PageID# 84, ¶ 17.)

Leslie seeks an injunction freezing "[a]ll property and assets of Anne E. Malone, Alice E. Burghdorf," and the Macks "until such time as the [C]ourt determines the legal ownership rights of the parties including the Canada property[.]" (*Id.* at PageID# 87, ¶ 1.) He also seeks an order awarding him "legal title to the assets that were distributed fraudulently[;]" "damages in an amount of $350,000.00[;]"and "[a]ny other relief deemed necessary and appropriate by the [C]ourt[.]" (*Id.* at ¶¶ 2–4.)

---

[2] Burghdorf's will named Earle Thurston as her executor and John Pettigrass as an alternate executor. (Doc. No. 18-4.)

[3] Leslie's amended complaint does not identify under what state's law he brings these claims. (Doc. No. 17.)

The Macks filed a motion to dismiss under Rule 12(b)(1) arguing that the Court lacks subject-matter jurisdiction over Leslie's claims under the probate exception because Leslie is seeking assets from Burghdorf's and Malone's estates. (Doc. No. 18.) In the alternative, they argue that the Court lacks diversity jurisdiction over Leslie's claims because he has not satisfied the amount-in-controversy requirement. (*Id.*) The Macks submitted a declaration from their attorney and copies of several documents filed in the Surrogate's Court in support of their motion. (Doc. Nos. 18-1–18-6.) Leslie responded in opposition to the Macks' motion, arguing that "[t]his is not an estate [ ] or probate matter[,]" that the Court has diversity jurisdiction over all of Leslie's claims, and that the Court at least has jurisdiction over Leslie's claims to the Canada property. (Doc. No. 20, PageID# 124.) The Macks did not file an optional reply in support of their motion to dismiss.

The Court ordered supplemental briefing addressing the probate exception (Doc. No. 23), which the parties provided (Doc. Nos. 25, 26).

## II. Legal Standard

Federal courts are courts of limited subject-matter jurisdiction and can adjudicate only those claims authorized by the Constitution or an act of Congress. *Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 553 (6th Cir. 2012). Article III of the Constitution extends the federal judicial power "to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States," and several other categories of cases not at issue here.[4] U.S. Const. art. III, § 2, cl. 1; *see also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Congress has also

---

[4] For example, cases involving ambassadors, public ministers, and consuls and cases between two states or in which the United States is a party. U.S. Const. art. III, § 2, cl. 1.

granted federal courts diversity jurisdiction over civil actions in which the parties are citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. Whether the Court has subject-matter jurisdiction is a "threshold" question in any action. *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007). This reflects the fundamental principle that "'[j]urisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)).

The party asserting subject-matter jurisdiction bears the burden of establishing that it exists. *Id.* at 104. A motion to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction "may either attack the claim of jurisdiction on its face or it can attack the factual basis of jurisdiction." *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005). A facial attack challenges the sufficiency of the pleading and, like a motion under Rule 12(b)(6), requires the Court to take all factual allegations in the pleading as true. *Enriquez-Perdomo v. Newman*, 54 F.4th 855, 861 (6th Cir. 2022). A factual attack "'contests the alleged jurisdictional facts by introducing evidence outside the pleadings.'" *Id.* (quoting *Gaetano v. United States*, 994 F.3d 501, 505 (6th Cir. 2021)). In resolving factual attacks, "'the district court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve jurisdictional facts, and the court can actually weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction.'" *Id.* (quoting *Gaetano*, 994 F.3d at 505).

III.     Analysis

The Macks' primary argument in support of their motion to dismiss is that the Court lacks subject-matter jurisdiction over Leslie's claims under the probate exception. (Doc. Nos. 18, 25.) The probate exception is a judicial doctrine that prohibits federal courts "from exercising

jurisdiction over certain conflicts involving property subject to a state court probate proceeding." *Osborn v. Griffin*, 865 F.3d 417, 434 (6th Cir. 2017) (citing 13E Charles A. Wright & Arthur R. Miller, et al., *Federal Practice and Procedure* § 3610 (3d. ed. 2017 supp.)). The doctrine has a "distinctly limited scope" based on "the general principle that, when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*."[5] *Marshall v. Marshall*, 547 U.S. 293, 310, 311 (2006). "[T]he party invoking federal jurisdiction— here [Leslie]—bears the burden of proving, by a preponderance of the evidence, that the probate exception does not apply to this action." *In re Est. of Brown*, -- F. Supp. 3d --, No. 5:22-CV-93, 2023 WL 1095973, at *2 (S.D. Miss. Jan. 13, 2023); *see also Wisecarver v. Moore*, 489 F.3d 747, 749 (6th Cir. 2007) ("When a defendant moves to dismiss for lack of subject matter jurisdiction[,] 'the plaintiff has the burden of proving jurisdiction in order to survive the motion.'" (quoting *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990))).

> The Supreme Court explained in *Marshall v. Marshall* that
>
> the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

*Id.* at 311–12. Federal courts applying *Marshall* recognize "that the probate exception is narrowly limited to three circumstances: (1) if the plaintiff 'seek[s] to probate . . . a will'; (2) if the plaintiff 'seek[s] to . . . annul a will'; and (3) if the plaintiff 'seek[s] to reach the *res* over which the state

---

[5] "An in rem action is '[a]n action determining the title to property and the rights of the parties, not merely among themselves, but also against all persons at any time claiming an interest in that property,' or '[a]n action in which the named defendant is real or personal property.'" *Chevalier v. Est. of Barnhart*, 803 F.3d 789, 802 (6th Cir. 2015) (alterations in original) (quoting *Action*, Black's Law Dictionary (10th ed. 2014)). Res means "[a]n object, interest, or status, as opposed to a person." *Res*, Black's Law Dictionary (11th ed. 2019).

court had custody.'" *Chevalier v. Est. of Barnhart*, 803 F.3d 789, 801 (6th Cir. 2015) (alterations in original) (quoting *Wisecarver*, 489 F.3d at 750).

The Sixth Circuit has "held that causes of action alleging breach of fiduciary duties, fraud, and undue influence do not necessarily fall within the scope of the probate exception." *Wisecarver*, 489 F.3d at 751; *see also Osborn*, 865 F.3d at 434 (quoting *id.*). This is because "'the principles underlying the probate exception are not implicated when federal courts exercise jurisdiction over claims seeking *in personam* jurisdiction based upon tort liability'" so long as "'the claims do not interfere with the *res* in the state court probate proceedings or ask a federal court to probate or annul a will.'"[6] *Osborn*, 865 F.3d at 434 (quoting *Wisecarver*, 489 F.3d at 751); *see also Chevalier*, 803 F.3d at 801–02 (determining whether probate exception applied by asking whether asserted causes of action were "*in personam* or *in rem* actions" and whether plaintiff had "asked a federal court to 'elbow its way into' an ongoing 'fight[ ] over a property or a person in [another] court's control'" (alterations in original) (quoting *Struck v. Cook Cnty. Pub. Guardian*, 508 F.3d 858, 860 (7th Cir. 2007))).

Federal courts look to the relief a plaintiff seeks for claims of fraud, breach of fiduciary duties, and similar torts to determine if the probate exception defeats an otherwise appropriate exercise of jurisdiction. *See Osborn*, 865 F.3d at 434. The Sixth Circuit has "distinguished the sorts of remedies implicated by the probate exception from the remedies outside of its reach." *Id.* Specifically, the Sixth Circuit

> held that the probate exception bars a plaintiff from seeking: "(1) an order enjoining Defendants' disposition of assets received from [the decedent's] estate, (2) an order divesting Defendants of all property retained by them [from the estate] . . . and (3) a declaration that [the decedent's] probated will be declared invalid[.]" *Id.* [It] also

---

[6] In personam jurisdiction, or personal jurisdiction, refers to "[a] court's power to bring a person into its adjudicative process" and "jurisdiction over a defendant's personal rights, rather than merely over property interests." *Jurisdiction*, Black's Law Dictionary (11th ed. 2019).

> held that the probate exception bars a plaintiff from seeking "money damages equal to the amount of the probate disbursements[.]" *Id*. n.1. [It] reasoned that granting such relief "is precisely what the probate exception prohibits because it would require the district court to dispose of property in a manner inconsistent with the state probate court's distribution of the assets." *Id.* at 751. However, [it] further held that plaintiffs may, without implicating the probate exception: (i) challenge *inter vivos* transfers; and (ii) seek disgorgement of monies improperly removed from the decedent's estate during his or her lifetime. *Id.*

*Id.* (most alterations in original) (quoting *Wisecarver*, 489 F.3d at 750 n.1, 751).

Here, Leslie asks the Court to enjoin the Macks' assets and the assets of the Burghdorf and Malone estates until "such time as the court determines the legal ownership rights of the parties including the Canada property[.]" (Doc. No. 17, PageID# 87, ¶ 1.) He also asks the Court to award him "legal title to the assets that were distributed fraudulently[,]" assumedly in the probating of the two estates. (*Id.* at ¶ 2.) Finally, the $350,000.00 Leslie seeks in damages seeks appears to be calculated as $100,000.00 of assets and property that he alleges the Macks fraudulently took from Burghdorf's estate plus $250,000.00 in "exemplary and punitive damages" to punish that conduct. (*Id.* at PageID# 85, ¶ 20.) The $100,000.00 thus represents "money damages equal to the amount of the probate disbursements" Leslie challenges or a divesting of property and assets that the Macks retained from the Malone and Burghdorf estates. *Osborn*, 865 F.3d at 434 (quoting *Wisecarver*, 489 F.3d at 750 n.1). Each of these remedies falls squarely within "the sorts of remedies implicated by the probate exception" as the Sixth Circuit has defined them.[7] *Id.*; *see also Wisecarver*, 489 F.3d at 751.

---

[7] Leslie's amended complaint alleges that, while Malone was still alive, Mack unduly influenced her to transfer some of Burghdorf's assets to him. (Doc. No. 17.) Leslie provides no information in the amended complaint or in his briefing as to whether Burghdorf was alive when Malone made these transfers. If Burghdorf was alive when Malone made the transfers, those transactions could fall outside the probate exception as monies improperly removed from Burghdorf's estate during her lifetime. *See Wisecarver*, 489 F.3d at 751; *Osborn*, 865 F.3d at 434. Ultimately, Leslie's cursory allegations about the transfers are insufficient to show by a preponderance of the evidence that the Court has jurisdiction over his claims.

Leslie argues that the probate exception does not apply to his claims because "nothing in [his] amended complaint [ ] asks this [C]ourt to interfere in any manner in a currently valid proceeding in any other court or jurisdiction." (Doc. No. 26, PageID# 152.) But Leslie offers nothing to support this assertion, and the limited facts in the record support a finding that the relief Leslie seeks involves the same property at issue in the probate of Burghdorf's and Malone's estates. Leslie therefore has not carried his burden to show that the Court has jurisdiction over his claims, and the Court should grant the Macks' motion to dismiss.

The Macks make a passing request for an award of reasonable attorney's fees in the conclusions of their motion to dismiss and supplemental briefing. (Doc. Nos. 18, 25.) "There is no common law right to attorney's fees. Under the 'American Rule,' the 'general practice' is not to award fees to prevailing parties 'absent explicit statutory authority.'" *McQueary v. Conway*, 614 F.3d 591, 596–97 (6th Cir. 2010) (quoting *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.* 532 U.S. 598, 602 (2001)); *see also Grinnell Bros., Inc. v. Touche Ross & Co.*, 655 F.2d 725, 726 (6th Cir. 1981) ("As a general rule, a federal court may not award attorney's fees to the prevailing party unless a statute or a binding contract authorizes such a recovery." (quoting *Baldwin v. Burger Chef Sys., Inc.*, 507 F.2d 841 (6th Cir. 1974))). Because the Macks have not identified any authority supporting a fee award and make no argument as to why a fee award is justified in this case, the Court should deny this request.

## IV. Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that the Macks' motion to dismiss for lack of jurisdiction (Doc. No. 18) be GRANTED, that Leslie's amended complaint (Doc. No. 17) be DISMISSED WITHOUT PREJUDICE, and that the Macks' request for attorney's fees (Doc. No. 18) be DENIED WITHOUT PREJUDICE.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 26th day of June, 2023.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge